1   SEYFARTH SHAW LLP
    Christopher A. Crosman (SBN 190336)
2   ccrosman@seyfarth.com
    Elizabeth M. Levy (SBN 268926)
3   elevy@seyfarth.com
    Michael A. Sigall (SBN 305849)
4   msigall@seyfarth.com
    2029 Century Park East, Suite 3500
5   Los Angeles, California 90067-3021
    Telephone:  (310) 277-7200
6   Facsimile: (310) 201-5219

7   Attorneys for Defendants
    MICHAEL KORS STORES (CALIFORNIA),
8   INC. and MICHAEL KORS STORES
    (CALIFORNIA), LLC

9

10

11                  UNITED STATE DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  MARCUS NUNES, individually and on     Case No. _____
    behalf of all others similarly situated,
15                                         **DEFENDANTS MICHAEL KORS
              Plaintiffs,                   STORES (CALIFORNIA), INC. and
16                                          MICHAEL KORS STORES
         v.                                 (CALIFORNIA), LLC'S NOTICE OF
17                                          REMOVAL OF CIVIL ACTION TO
    MICHAEL KORS STORES                     UNITED STATE DISTRICT COURT**
18  (CALIFORNIA), INC., a corporation;
    MICHAEL KORS STORES                    [San Francisco Superior Court
19  (CALIFORNIA), LLC, a limited liability Case No. CGC-25-622287]
    company; and DOES 1 through 100,
20  inclusive,                             Complaint Filed:    February 11, 2025
                                           Trial Date:  None Set
21            Defendants.

22

23

24

25

26

27

28

316342755v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MARCUS NUNES, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Michael Kors Stores (California), Inc.[1] and Michael Kors Stores (California), LLC (collectively, "Defendants") file this Notice of Removal, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2), and under 28 U.S.C. sections 1332(c), 1332(d)(2), 1441(a), 1446, and 1453.  Removal is proper for the reasons set forth below.

## I.    BACKGROUND

1.    On February 11, 2025, Plaintiff Marcus Nunes ("Plaintiff") filed a class action and in the Superior Court of California for the County of San Francisco, titled "*MARCUS NUNES, individually, and on behalf of all others similarly situated, v. MICHAEL KORS STORES (CALIFORNIA), INC., a corporation; MICHAEL KORS STORES (CALIFORNIA), LLC, a corporation; and DOES 1 through 100, inclusive*," Case No. CGC-25-622287 ("Complaint").

2.    On February 20, 2025, Plaintiff provided Defendants with a Notice and Acknowledgment of Receipt for purposes of serving the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Superior Court of California, County of San Francisco Information Sheet for Voluntary Expedited Jury Trial Summary; and the Superior Court of California, County of San Francisco Alternative Dispute Resolution Information Package.  A true and correct copy of the packet received by Defendants is attached as **Exhibit A** for the Court's review.

3.    On March 12, 2025, Defendants provided an executed copy of the Notice and Acknowledgment of Receipt to Plaintiff.  A true and correct copy of the Notice and Acknowledgement of Receipt is attached hereto as **Exhibit B**.

---

[1] Michael Kors Stores (California), Inc. became Michael Kors Stores (California), LLC through a certificate of conversion filed with the state of Delaware on March 18, 2021.

4.     On April 10, 2025, Defendants timely filed its Answer to Plaintiff's Complaint in Superior Court of California County of San Francisco.  A true and correct copy of the Answer filed is attached as **Exhibit C.**

5.     Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, Exhibit B, and Exhibit C in this action prior to this Notice of Removal.

## II.    TIMELINESS OF REMOVAL

6.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7.     The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

8.     This Notice of Removal is timely because it is filed within thirty (30) days after Defendants returned an executed Notice and Acknowledgment of Receipt of the Complaint and Summons.  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from Defendants' return of the Notice and Acknowledgement of Receipt to effectuate service on March 12, 2025 is April 11, 2025.

DEFENDANTS' NOTICE OF REMOVAL
316342755v.1

9. Plaintiff asserts six (6) causes of action in his Complaint against Defendants: (1) Violation of California Labor Code §§ 201-203, 1194, and 1197; (2) Violation of California Labor Code §§201-203, 510, and 1194; (3) Violation of California Labor Code §§ 201-203, 226.7; (4) Violation of California Labor Code §§ 201-203, 226.7, and 512; (5) Violation of California Labor Code §2802; and (6) Violation of California Business and Professions Code §§ 17200, *et seq.* (Ex. A, Compl., ¶¶ 24-51.)

10. The Complaint seeks to certify a class of "all current and former non-exempt employees who worked for Defendant in California at any time from February 11, 2021 through the present." (Ex. A, Compl., ¶ 12.)

11. Plaintiff's Sixth Cause of Action is based on an alleged "Violation Business and Professions Code § 17200," specifically the California Unfair Competition Law ("UCL"). (Ex. A, Compl., ¶¶ 47-51.) The statute of limitations on Plaintiff's Sixth Cause of Action for UCL is four years. (*See* Cal. Bus. & Prof. Code § 17208.)

12. Plaintiff alleges that Defendants violated the UCL, §§ 17200 *et seq.*, on the following grounds:

> Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to pay employees minimum, regular and overtime wages for off-the-clock work in violation of Labor Code §§ 510, 1194 and 1197; (b) failing to provide off-duty meal an rest periods in violation of Labor Code §§ 226.7 and 512; and (c) failing to reimburse business expenses and/or withhold wages for said expenses in violation of Labor Code § 2802.

(Ex. A, Compl., ¶ 48.) Plaintiff further alleges that "Plaintiff seeks, on behalf of himself and other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.." (Ex. A, Compl., ¶ 50.)

13. Accordingly, for purposes of the calculations in this Notice of Removal, the "relevant time period" starting "four years preceding the filing of this Complaint" is from **February 11, 2021 until the present**.

### III.    CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

14.    This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B); Declaration of Norma Placencio in Support of Defendants' Notice of Removal ("Placencio Decl."), ¶ 9.

#### A.    Plaintiff And Defendant Are Minimally Diverse

15.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that to achieve its purposes CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement in 28 U.S.C. § 1332(d)(2)). In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of both Defendants (which are citizens of Delaware and New York).

##### 1.    Plaintiff Is A Citizen Of California

16.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's

complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

17.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that, "Plaintiff worked for Defendant in San Francisco, California." (Ex. A, Compl., ¶ 2.)

18.    Defendants' review of Plaintiff's personnel file reveals that Plaintiff resides in California and was employed by Michael Kors Stores (California), LLC in San Francisco, California. (Placencio Decl., ¶ 8.) Furthermore, Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendants in San Francisco Superior Court. In addition, a public records search shows that Plaintiff currently resides in California. (Declaration of Norma Placencio in Support of Defendants' Notice of Removal ("Placencio Decl."), ¶ 3.) Accordingly, Plaintiff is a citizen of California.

### 2.    Defendants Are Not Citizens Of California

19.    Defendants are, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

20.    Defendant Michael Kors Stores (California), Inc. was incorporated under the laws of the State of Delaware. (Placencio Decl., ¶ 5.) Thus, for purposes of diversity jurisdiction, Defendant Michael Kors Stores (California), Inc. was a citizen of Delaware.

21.    In addition, when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*,

DEFENDANTS' NOTICE OF REMOVAL

559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

22. Under the "nerve center" test, New York was Michael Kors Stores (California), Inc.'s principal place of business. Michael Kors Stores (California), Inc. maintained its corporate headquarters at 11 West 42nd Street, New York, NY 10036. (Placencio Decl., ¶ 5).  Michael Kors Stores (California), Inc.'s high level officers directed, controlled, and coordinated its activities from its corporate headquarters in New York, N.Y. *Id*. Michael Kors Stores (California), Inc.'s high level corporate officers including its Chief Executive Officer, Chief Operating Officer and General Counsel maintained offices in the New York, N.Y. headquarters. *Id*.

23. On March 18, 2021, Michael Kors Stores (California), Inc. became Michael Kors Stores (California), LLC through a certificate of conversion.  (Placencio Decl., ¶ 5.) Michael Kors Stores (California), LLC is a limited liability company existing under the laws of the State of Delaware. For purposes of a "minimal diversity" class action, an unincorporated association is a citizen only of the state under whose laws it was organized or where it has its principal place of business. 28 U.S.C. § 1332(d)(10).

24. Michael Kors Stores (California), LLC's principal place of business is, and has been at all times since this action commenced, located in the State of New York. (Placencio Decl., ¶ 6.)  Michael Kors Stores (California), LLC maintains its corporate headquarters at 11 West 42nd Street, New York, NY 10036.  (*Id*.)  Michael Kors Stores (California), LLC's high level officers direct, control, and coordinate its activities from its corporate headquarters in New York, N.Y. *Id*. Michael Kors Stores (California), LLC's high level corporate officers including its Chief Executive Officer, Chief Operating Officer and General Counsel maintain offices in the New York, N.Y. headquarters.  *Id*.

DEFENDANTS' NOTICE OF REMOVAL

316342755v.1

25.     Therefore, for purposes of diversity of citizenship, at all relevant times, Defendants are or were citizens of the State of Delaware and the State of New York.  28 U.S.C. § 1332(c)(1).  Because Plaintiff is a citizen of California and Defendants are or were citizens of Delaware and New York, minimal diversity exists for purposes of CAFA.

### 3.     The Citizenship Of Doe Defendants Should Be Disregarded

26.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

### B.     Based On Only Six Out Of the Ten Causes Of Action, The Amount In Controversy Exceeds The Statutory Minimum

27.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary

Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

28. **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

29. In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has

DEFENDANTS' NOTICE OF REMOVAL

316342755v.1

been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

30.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

31.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

32.    It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

33.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino*, 506 F.3d at 702 (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

34.    **The Court Must Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform …

11

policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

35.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers*

DEFENDANTS' NOTICE OF REMOVAL

*LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio*, *LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

36.     The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000. Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "all current and former non-exempt employees who worked for Defendant in California at any time from February 11, 2021 through the present." (Ex. A, Compl., ¶ 12.) The statute of limitations on Plaintiff's Sixth Cause of Action for UCL is four years. (*See* Cal. Bus. & Prof. Code § 17208; Ex. A, Compl., ¶¶ 47-51.) Given that Plaintiff's Complaint was filed on February 11, 2025, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **February 11, 2021 until the present**.

37.     During the relevant time period identified in the Complaint, Defendants employed approximately 3,447 non-exempt employees at its retail stores in California, who worked a total of approximately 149,095 workweeks.  (Placencio Decl., ¶ 9.)  The average hourly rate of pay for these individuals is approximately $17.89 per hour during the proposed class period.  (*Id*. at ¶ 10.)

38.     Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendants' alleged failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay minimum wages, unreimbursed business expenses, failure to pay all wages due upon separation, and unfair business practices.  (Ex. A, Compl.)  Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Compl., Prayer for Relief.)

39.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

40.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees at Defendants, such as Plaintiff.

### 1.     Meal and Rest Period Claims

41.     Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Compl., ¶¶ 33-42.)  Plaintiff's Complaint alleges that "Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their off-duty rest breaks.  In particular, Plaintiff and Class Members were required to stay on work premises and keep their radios on and respond to calls during their rest periods.  Despite not being provided with off-duty rest breaks, Defendants did not pay any premiums for such missed breaks."  (*Id*. at  ¶ 34.)  Plaintiff's Complaint alleges that "Defendants regularly required Plaintiff and Class Members to work through their rest periods without proper compensation and

denied Plaintiff and Class Members the right to take proper rest periods as required by law." (*Id*. at ¶ 35.)

42.    Plaintiff's Complaint further alleges that "Plaintiff and Class Members were not provided with off-duty meal periods in compliance with Labor Code §§ 226.7 and 512. Specifically, Defendant required Plaintiff and Class Members to remain on premises and keep their radios/cell phones on and respond to calls during meal periods." (Ex. A, Compl., ¶ 39.) Plaintiff's Complaint further alleges that "Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and those employees similarly situated are owed wages for the meal period violations set forth above." (*Id*. ¶ 40.)

43.    For these alleged meal and rest period violations, "Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation." (Ex. A, Compl., ¶¶ 37, 42.)

44.    California Labor Code Section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." California Labor Code Section 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods or rest periods. Case law makes clear that an employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).

45.    The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole*

*Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). However, Plaintiff alleges a claim for meal and rest breaks as part of his unfair competition claim under Business and Professions Code section 17200, *et seq.* (Ex. A, Compl., ¶ 48.) Although Defendants contend that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Compl., the four-year statute of limitations applies for purposes of removal. Cal. Bus. & Prof. Code § 17208. Thus, for determining the amount in controversy, the four-year statute of limitations applies.

46.     Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy. Plaintiff alleges that Defendants had "a pattern and practice" where "Defendants regularly required Plaintiff and Class Members to work through their rest periods without proper compensation and denied Plaintiff and Class Members the right to take proper rest periods as required by law." (Ex. A, Compl., ¶ 35). Likewise, Plaintiff alleges that Defendants had a "Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium for missed meal periods." (*Id.* ¶ 39.) Therefore, the Complaint contemplates a 100% violation rate for the meal period and rest period claims. Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal and rest period claims. *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

47.     While Defendants are entitled to assume a 100 percent violation rate (*i.e.*, five missed meal periods and five missed rest periods per workweek) based on the allegations in the Compl., Defendants will conservatively assume that the putative class members were not provided **just one meal period and one rest period every week**.

Where Plaintiff has alleged a policy and practice of meal and rest period violations, it is reasonable to assume that there at least one meal period **or** one rest period violation each week for every employee.  Indeed, district courts have consistently upheld even higher assumptions of meal period and rest period violations as plausible for purposes of determining the amount in controversy.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal and rest break violations); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) ("Defendant conservatively assumed the putative class members were not provided … three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on allegations in the Complaint. The Court therefore we finds Defendant's assumed violation rates reasonable"); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30–minute lunch break periods.  Plaintiff does not limit the number of violations alleged in his Compl., nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . ."); *Lopez v. Aerotek, Inc.*,  2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period and five rest period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100%

DEFENDANTS' NOTICE OF REMOVAL

violation rate," i.e., 5 missed meal periods and five missed rest breaks per week). *Accord Arias*, 936 F.3d at 926 (holding that "Marriott's assumptions are plausible" where it assumed "one missed rest break" as the "lowest assumed violation rate").

48.     As stated above, during the relevant time period identified in the Complaint, Defendants employed approximately 3,447 non-exempt employees in California, who worked a total of approximately 149,095 workweeks.  (Placencio Decl., ¶ 9.)  The average hourly rate of pay for these non-exempt employees is approximately $17.89 per hour during the proposed class period.  (*Id*. at ¶ 10.)

49.     Although Defendants deny that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming **just one meal period violation and one rest period violation every week** for each putative class member, the amount in controversy would be approximately $5,334,619.10 [(149,095 workweeks * ($17.89 per hour) * (2 total meal and rest period premiums every week)].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims is approximately **$5,334,619.10**.

### 2.    Waiting Time Penalties

50.     Plaintiff's Complaint also alleges that Defendants failed to timely pay wages due, in violation of California Labor Code § 203.  Plaintiff alleges that Defendants "willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203."  (Ex. A, Compl., ¶¶ 26, 31, 36, 41.)

51.     Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at

DEFENDANTS' NOTICE OF REMOVAL

the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

52.    The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the Complaint, or February 11, 2022.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

53.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").

54.    During the relevant three-year time period for waiting time penalties, from **February 11, 2022 to the present**, there were a total of approximately 2,174 non-exempt employees who were terminated from employment with Michael Kors Stores (California), LLC in California.  (Placencio Decl., ¶ 11.)  The average hourly rate of pay for these non-exempt employees is approximately $17.87 per hour during this period.  (*Id.*)

55.    Although Defendants dispute liability, the amount in controversy for waiting time penalties is **$9,323,851.20** [$17.87/hour * 8 hours/day * 30 days * 2,174 former non-exempt employees].

### 3.    Unpaid Wages

56.    Plaintiff seeks to recover unpaid wages.  (Ex. A, Compl., ¶¶ 24-27.) Plaintiff alleges that "Defendants suffered and permitted employees to work without

payment of minimum wages for all hours worked in a workday and workweek."  (*Id*. ¶ 25.)

57.    Specifically, Plaintiff alleges that "Defendant violated these provisions by requiring Plaintiff and Class Members to perform work off-the-clock, including without limitation, undergoing security inspections and walking coworkers to their cars off-the-clock.  Defendant did not pay applicable minimum wages for these off-the-clock tasks.  Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 1194 and 1197."  (*Id*.)

58.    For purposes of removal and establishing an amount in controversy only, these allegations constitute a general pattern or practice of violating minimum wage requirements.  *See, e.g.*, *Garza Jr. v. WinCo Holding, Inc.*, 2022 WL 902782, at *5 (E.D. Cal. Mar. 28, 2022) (denying plaintiff's motion to remand; "Garza alleges WinCo **employed a policy of rounding employees' hours** that resulted in a miscalculation of total overtime hours worked.  **This constitutes a general pattern or practice of labor violations**.") (emphasis added).

59.    Based on Plaintiff's wide-ranging allegations, courts routinely approve the use of a 100% violation rate.  *See, e.g.*, *Muniz*, 2007 WL 1302504, at *4 (denying motion to remand and concluding that a "**100%" violation rate was reasonable**");  *Alvarez v. Off. Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (denying motion to remand; "[t]he Court . . . agrees with Defendant that it 'could utilize an alleged **100% violation rate** in calculating the amount in controversy' because Plaintiff's complaint alleges a uniform practice of meal . . . period violations");  *Salcido*, 2016 WL 79381, at *4 ("[A] defendant may assume a **100% violation rate** when a complaint alleges a practice that is universally followed.  *See Ibarra*, 775 F.3d at 1199.  Thus, it is not unreasonable to assume a 100% violation rate when the allegations support the inference that a defendant 'may potentially violate the law in each and every situation where those policies are applied.'");  *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, *11 (N.D. Cal. June 14,

2013) (denying motion to remand and approving 100% violation rate when the "meal break policy resulted in non-exempt employees not receiving meal periods").

60.    Indeed, Defendants conservatively limit its estimates to unpaid minimum wages, even though Plaintiff would be entitled to unpaid overtime wages based on his allegation that "Defendant suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without payment of overtime pay for all hours worked."  (Ex. A, Compl., ¶ 30.)  Courts routinely use one hour of unpaid wages and higher violation rates based on allegations similar to those from Plaintiff, but for purposes of calculating an amount in controversy here only, Defendants assume approximately 30 minutes of unpaid time per week.  *See, e.g.*, *Gant v. ALDI, Inc.*, 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("Defendants used a violation rate of **one hour of unpaid [time] per week**.  This assumption is reasonable in light of the Compl., whose allegations lack specificity."); *Wheatley*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding an estimate of **one hour per class member per week** appropriate where Plaintiff alleged a "a pattern and practice" of violations); *Stanley v. Distribution Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (denying motion to remand where, "[f]or the at-controversy [] wages, [defendant] assumes that each of the class members worked **two hours … each week** during the class period"); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed **one hour of compensation per week** where the complaint alleged overtime violations occurred "regularly"); *Oda v. Gucci Am. Inc.*, 2015 WL 93335 at *4 (C.D. Cal. Jan. 7, 2015) (finding reasonable an assumed violation rate of **one hour per week** where the plaintiffs' asserted the defendant "sometimes" failed to pay wages); *Ray v. Wells Fargo Bank*, N.A., 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding reasonable the defendant's estimate of **one hour of unpaid time per week** for each class member where the complaint alleged "consistent" unpaid work); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying motion to remand class action and concluding that a **"100%" violation rate**

DEFENDANTS' NOTICE OF REMOVAL

was reasonable because "plaintiff include[d] no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%" based on allegations that defendant had a "common course of conduct in violation of the law" and that "plaintiff and class members 'were not always paid all wages'"); *Shachno v. Marriott Int'l, Inc.*, 2023 WL 316367, at *6 (S.D. Cal. Jan. 19, 2023) ("If a plaintiff broadly alleges wage and hour violations, it may be reasonable for the defendant to assume a **100% violation rate**."); *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, at *4 (C.D. Cal. Jan. 6, 2016) ("[A] defendant may assume a **100% violation rate** when a complaint alleges a practice that is universally followed. *See Ibarra,* 775 F.3d at 1199. Thus, it is not unreasonable to assume a 100% violation rate when the allegations support the inference that a defendant 'may potentially violate the law in each and every situation where those policies are applied.'") (emphasis added to all).

61.    The statute of limitations to recover unpaid wages under California Labor Code § 1194 is three years. Cal. Civ. Proc. Code § 338. The limitations period is extended to four years when a plaintiff also seeks restitution for the Labor Code violations. *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) (holding that "actions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation"). Accordingly, the proposed class period is from **February 11, 2021 until the present**.

62.    During the relevant time period identified in the Complaint, Michael Kors Stores (California), LLC employed approximately 3,447 non-exempt employees in California, who worked a total of approximately 149,095 weeks, based on their dates of employment. (Placencio Decl., ¶ 9.) The average hourly rate of the putative class is $17.89. (*Id.* ¶ 10.)

63.    Accordingly, a conservative estimate of the amount in controversy for Plaintiff's unpaid minimum wage claim is **$1,333,657.78** ($17.89/hour * 0.5 hours of unpaid minimum wages * 149,095 weeks).

DEFENDANTS' NOTICE OF REMOVAL

### 4.    Unreimbursed Business Expenses

64.    Plaintiff alleges that Defendants failed to reimburse business expenses, "for using their personal cell phones for work." (Ex. A, Compl., ¶ 44.)

65.    Specifically, Plaintiff alleges that "Plaintiff and Class Members were required to download various work-related apps for payroll, social media and communication purposes onto their personal cell phones. However, Plaintiff and Class Members were not reimbursed for any costs that they incurred for using their personal cell phones." (*Id*.)

66.    Plaintiff further alleges that "Defendant had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802." (Ex. A, Compl., ¶ 45.)

67.    Plaintiff further alleges that he and the other class members are entitled to recover "the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 2802." (Ex. A, Compl., ¶ 46.)

68.    The statute of limitations to recover unpaid business expenses under California Labor Code § 2802 is three years. Cal. Civ. Proc. Code § 338. Accordingly, the proposed class period is from **February 11, 2022 until the present**.

69.    During the limitations period of February 11, 2022 to present, there are approximately 2,174 putative class members, who worked a total of approximately 114,589 weeks, based on their dates of employment. (Placencio Decl., ¶ 12.) Although claims for unreimbursed expenses are highly individualized, Defendants conservatively limit their calculation to $3.25 per week per employee.

70.    Assuming that each potential class member during the limitations period may recover $3.25 per week for alleged unreimbursed expenses, the amount in controversy for Plaintiff's unpaid expense claim would equal no less than **$372,414.25** (114,589 weeks * $3.25 per week).

316342755v.1

71.    Defendants' calculation of $13.00 per month for **different types of expenses** is a conservative approach.  *See, e.g.*, *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1138 (N.D. Cal. 2020) (denying motion to remand; "Plaintiffs do not meaningfully argue otherwise, and have not shown that a $50 device reimbursement figure is unreasonable.").

### 5.    Approximate Aggregate Amount In Controversy

72.    Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$16,364,539.30**, calculated as follows:

| | | |
|---|---|---|
| · | **$5,334,619.10** | Meal/Rest Period Claim (Assuming Just One Missed Meal Period And One Missed Rest Period Every Week) |
| · | **$9,323,851.20** | Waiting Time Penalties |
| · | **$1,333,657.78** | Unpaid Wages (Based on 30 minutes of unpaid wages per employee per week) |
| · | **$372,414.25** | Unreimbursed Business Expenses |

73.    The figures above do not take into account Plaintiff's claims for unpaid overtime, failure to keep requisite payroll records, wages not timely paid during employment, or attorneys' fees and costs.

### 6.    Attorneys' Fees

74.    Plaintiff also seeks attorneys' fees.  (Ex. A, Compl., Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff

316342755v.1

to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

75.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

76.    In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

77.    Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F. 3d at 922.

78.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$4,091,134.83** in this case [$16,364,539.30 amount in controversy * 0.25].

79.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$20,455,674.20**, including attorneys' fees.  This total amount in controversy far

exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

80.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

81.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## VI.    VENUE

82.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c).  This action originally was brought in San Francisco County Superior Court of the State of California, which is located within the Northern District of California.  28 U.S.C. § 84(c).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

83.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Los Angeles County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## VII.   NOTICE TO STATE COURT AND TO PLAINTIFF

84.     Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Francisco.  The Notice of Removal is concurrently being served on all parties.

## VIII.  PRAYER FOR REMOVAL

85.     WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

DEFENDANTS' NOTICE OF REMOVAL

DATED: April 11, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Christopher A. Crosman
Elizabeth M. Levy
Michael A. Sigall
Attorneys for Defendants
MICHAEL KORS STORES
(CALIFORNIA), INC. and MICHAEL
KORS STORES (CALIFORNIA), LLC

DEFENDANTS' NOTICE OF REMOVAL

316342755v.1

# EXHIBIT A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Larry W. Lee (SBN 228175)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-488-6555    FAX NO. *(Optional):* 213-488-6554<br>E-MAIL ADDRESS *(Optional):* lwlee@diversitylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Marcus Nunes | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO |
| STREET ADDRESS: 400 McAllister St., Room 103 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Marcus Nunes |
| DEFENDANT/RESPONDENT: Michael Kors Stores (California), Inc., et al |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-25-622287 |

TO *(insert name of party being served):* Michael Kors Stores (California), LLC, a limited liability company

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 20, 2025

Erika Mejia
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

    Civil Case Cover Sheet, Notice to Plaintiff, Alternative Dispute Resolution Information Package

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175) | |

DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
TELEPHONE NO.: 213-488-6555    FAX NO. *(Optional):* 213-488-6554
E-MAIL ADDRESS *(Optional):* lwlee@diversitylaw.com
ATTORNEY FOR *(Name):* Plaintiff Marcus Nunes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St., Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Marcus Nunes

DEFENDANT/RESPONDENT: Michael Kors Stores (California), Inc., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-25-622287 |
|---|---|

TO *(insert name of party being served):* Michael Kors Stores (California), Inc., a corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 20, 2025

Erika Mejia
_____          ► _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

Civil Case Cover Sheet, Notice to Plaintiff, Alternative Dispute Resolution Information Package

*(To be completed by recipient):*

Date this form is signed:

_____          ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MICHAEL KORS STORES (CALIFORNIA), INC., a corporation;
MICHAEL KORS STORES (CALIFORNIA), LLC, a limited liability
company; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Marcus Nunes, individually and on behalf of all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Francisco
400 McAllister St., Room 103, San Francisco, CA 94102

</td><td>

CASE NUMBER:
*(Número del Caso):*

**CGC-25-622287**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071, 213-488-6555

DATE: **02/11/2025**                    Clerk, by **SAHAR ENAYATI**                    , Deputy
*(Fecha)*                              *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MICHAEL KORS STORES (CALIFORNIA), INC., a corporation;

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS STORES (CALIFORNIA), INC., a corporation;
MICHAEL KORS STORES (CALIFORNIA), LLC, a limited liability
company; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Marcus Nunes, individually and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

**CGC-25-622287**

Superior Court of California, County of San Francisco
400 McAllister St., Room 103, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071, 213-488-6555

DATE: **02/11/2025**          Clerk, by **SAHAR ENAYATI**          , Deputy
*(Fecha)*                     *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MICHAEL KORS STORES (CALIFORNIA), LLC, a limited liability company;

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☒ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

1  Larry W. Lee (State Bar No. 228175)
   lwlee@diversitylaw.com
2  **DIVERSITY LAW GROUP, P.C.**
   515 S. Figueroa St., Suite 1250
3  Los Angeles, California 90071
   (213) 488-6555
4  (213) 488-6554 facsimile
5

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/11/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

6  Edward W. Choi, Esq. SBN 211334
   **LAW OFFICES OF CHOI & ASSOCIATES**
7  515 S. Figueroa St., Suite 1250
   Los Angeles, CA 90071
8  Telephone: (213) 381-1515
   Facsimile: (213) 465-4885
9  edward.choi@choiandassociates.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

10
11  Attorneys for Plaintiff and the Class

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **COUNTY OF SAN FRANCISCO**

**CGC-25-622287**

14  Marcus Nunes, individually and on behalf of
    all others similarly situated,
15
16              Plaintiffs,

17        vs.

18  MICHAEL KORS STORES (CALIFORNIA),
19  INC., a corporation; MICHAEL KORS
    STORES (CALIFORNIA), LLC, a limited
20  liability company; and DOES 1 through 100,
    inclusive,
21
22              Defendants.
23

Case No.

**CLASS ACTION COMPLAINT FOR:**

**(1) VIOLATION OF LABOR CODE §§ 201-203, 1194, AND 1197;**

**(2) VIOLATION OF LABOR CODE §§ 201-203, 510, AND 1194;**

**(3) VIOLATION OF LABOR CODE §§ 201-203 AND 226.7;**

**(4) VIOLATION OF LABOR CODE §§ 201-203, 226.7 AND 512;**

**(5) VIOLATION OF LABOR CODE § 2802;**

**(6) VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.***

24
25  __DEMAND EXCEEDS $25,000.00__

26
27
28

1

**CLASS ACTION COMPLAINT**

Plaintiff Marcus Nunes ("Plaintiff"), hereby submits this Class Action Complaint ("Complaint") against Defendants Michael Kors Stores (California), Inc., a corporation and Michael Kors Stores (California), LLC, a limited liability company (collectively, "Defendant," or the "Company"), and DOES 1-100 (hereinafter collectively referred to as "Defendants"), individually and on behalf of all similarly situated employees for failure to: pay minimum, regular and overtime wages; provide meal and rest periods; reimburse business expenses; and timely pay wages to terminated employees as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226.7, 510, 512, 1194, 1197, 1197.1, and 2802, and the Unfair Competition Law (the "UCL"), Business & Professions Code § 17200, *et seq.*

2.      Venue is proper in this Court because Plaintiff worked for Defendant in San Francisco, California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to timely pay employees all wages owed.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## PARTIES

5.      On or about June 29, 2022, Defendant hired Plaintiff to work as a non-exempt employee to work at Defendant's retail store in San Francisco, California.  On or about July 12, 2022, Plaintiff's employment ended.

6.      Defendants are engaged in the retail industry and operate in the State of California, including in San Francisco County.

## DOE DEFENDANTS

7.      Plaintiff does not know the true names or capacities, whether individual, partner

**CLASS ACTION COMPLAINT**

or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and, based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

## AGENCY STATUS OF EACH DEFENDANT

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes and, based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

10. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

11. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as

**CLASS ACTION COMPLAINT**

1    herein alleged.

2                       **CLASS ACTION ALLEGATIONS**

3        12.    **Definition:**  Plaintiff seeks class certification, pursuant to California Code of

4    Civil Procedure § 382, of the following classes:

5              a.    All current and former non-exempt employees who have worked for

6                    Defendant in California at any time from February 11, 2021, through the

7                    present (the "Class");

8              b.    All current and former non-exempt employees who worked any shifts 3.5

9                    hours or longer for Defendant in California at any time from February 11,

10                   2021, through the present (the "Rest Period Class");

11             c.    All current and former non-exempt employees who worked any shifts longer

12                   than 5 hours for Defendant in California at any time from February 11, 2021,

13                   through the present (the "Meal Period Class").

14       13.    **Numerosity and Ascertainability:**  The members of the Class are so numerous

15   that joinder of all members would be impractical, if not impossible.  The identity of the members

16   of the Class is readily ascertainable by review of the Company's records, including payroll

17   records.

18       14.    **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all

19   necessary steps to represent fairly and adequately the interests of the class defined above.

20   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the

21   named Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in

22   the past and currently have a number of wage-and-hour class actions pending in California

23   courts.

24       15.    **Common Question of Law and Fact:**  There are predominant common questions

25   of law and fact and a community of interest amongst Plaintiffs and the claims of the Class

26   concerning the Company: (a) failing to pay all minimum, regular, and overtime wages in

27   violation of Labor Code §§ 201-204, 226.2, 510, 1194, 1197 and 1197.1, including without

28   limitation, for not paying wages for all work performed after clocking out as a result of having to

---

**CLASS ACTION COMPLAINT**

walk coworkers to their cars and undergoing security inspections off-the-clock; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; and (d) failing to reimburse business expenses in violation of Labor Code § 2802.

16.    **Typicality:**  The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  First, Plaintiff was not paid all minimum and overtime wages as a result of having to work off-the-clock as other Class Members. Specifically, Defendant required Plaintiff and Class Members to perform work-related activities after clocking out, including without limitation, having to walk coworkers to their cars at the end of the shift.  Moreover, Plaintiff and Class Members were required to undergo security inspections off-the-clock without the payment of applicable minimum, regular and/or wages. Plaintiff was also not provided with rest periods in compliance with California law.  In particular, Plaintiff and Class Members were required to stay on work premises as the Company wanted to monitor their rest breaks and keep their radios on and respond to calls during rest breaks. Despite not being provided with off-duty rest breaks, Defendants did not pay any premiums for such missed breaks. Plaintiff was also not provided with off-duty meal periods in compliance with Labor Code §§ 226.7 and 512.  Specifically, as with rest periods, Defendant required Plaintiff and Class Members to remain on premises and keep their radios on and respond to calls during said breaks.  Defendant also violated Labor Code § 2802 by requiring Plaintiff and Class Members to use their personal cell phones for work related purposes. Specifically, Plaintiff and Class Members were required to download various work-related apps for payroll, social media and communication purposes onto their personal cell phones. However, Plaintiff and Class Members were not reimbursed for any costs that they incurred for using their personal cell phones.  Plaintiff was also not paid all of his wages owed within the deadlines set forth in Labor Code §§ 201-203.  Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-203, 226.2, 226.7, 510, 512, 1194, 1197, and 2802, and the applicable IWC Wage Orders.

**CLASS ACTION COMPLAINT**

17.     The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

18.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources.

19.     Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

20.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

21.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate

**CLASS ACTION COMPLAINT**

of California Labor Code §§ 218.5 and 1194, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

22.    Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

23.    The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company.  The Class is commonly entitled to restitution of those funds being improperly withheld by the Company.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-203, 1194, AND 1197

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

24.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

25.    The Labor Code and applicable Wage Order requires employers to pay minimum wages for all hours worked up to 8 hours in a workday and/or 40 hours in a workweek.  As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek.  Specifically, Defendant violated these provisions by requiring Plaintiff and Class Members to perform work off-the-clock, including without limitation, undergoing security inspections and walking coworkers to their cars off-the-clock.  Defendant did not pay applicable minimum wages for these off-the-clock tasks.  Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 1194 and 1197.

26.    Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**CLASS ACTION COMPLAINT**

27.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF LABOR CODE §§ 201-203, 510, AND 1194**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

28.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set herein.

29.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

30.     As a pattern and practice, Defendant suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without payment of overtime pay for all hours worked.  Specifically, Defendant violated these provisions by requiring Plaintiff and Class Members to perform work off-the-clock, including without limitation, undergoing security inspections and walking coworkers to their cars off-the-clock. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 510 and 1194.

31.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

32.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to

**CLASS ACTION COMPLAINT**

1   recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

2   damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

3   to the mandate of California Labor Code §§ 510 and 1194.

4                                   **THIRD CAUSE OF ACTION**

5                             **VIOLATION OF LABOR CODE § 226.7**

6       **(BY PLAINTIFF AND THE REST PERIOD CLASS AGAINST ALL DEFENDANTS)**

7           33.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as

8   though fully set for herein.

9           34.    At all relevant times, Defendants failed in their affirmative obligation to ensure

10  that Plaintiff and Class Members, had the opportunity to take and were provided with off-duty

11  rest periods in accordance with the mandates of the California Labor Code and the applicable

12  IWC Wage Order.  At all relevant times, Plaintiff and Class Members were suffered and

13  permitted to work through legally required rest breaks and were denied the opportunity to take

14  their off-duty rest breaks.  In particular, Plaintiff and Class Members were required to stay on

15  work premises and keep their radios on and respond to calls during their rest periods.  Despite

16  not being provided with off-duty rest breaks, Defendants did not pay any premiums for such

17  missed breaks.

18          35.    Accordingly, as a pattern and practice, Defendants regularly required Plaintiff and

19  Class Members to work through their rest periods without proper compensation and denied

20  Plaintiff and Class Members the right to take proper rest periods as required by law.

21          36.    Plaintiff is informed and believe and based thereon alleges that Defendants

22  willfully failed to pay employees who were not provided the opportunity to take rest breaks the

23  premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and

24  that Plaintiff and those employees similarly situated as them are owed wages for the rest period

25  violations set forth above.  Plaintiff is informed and believes and based thereon alleges that

26  Defendants' willful failure to provide Plaintiff and other class members the wages due and owing

27  them upon separation from employment results in a continued payment of wages up to thirty (30)

28  days from the time the wages were due.  Therefore, Plaintiff and other members of the class who

**CLASS ACTION COMPLAINT**

have separated from employment are entitled to compensation pursuant to Labor Code § 203.

37.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

<u>FOURTH CAUSE OF ACTION</u>

**VIOLATION OF LABOR CODE §§ 226.7 AND 512**

**(BY PLAINTIFF AND THE MEAL PERIOD CLASS AGAINST ALL DEFENDANTS)**

38.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

39.    At all relevant times, Plaintiff and Class Members were not provided with off-duty meal periods in compliance with Labor Code §§ 226.7 and 512.  Specifically, Defendant required Plaintiff and Class Members to remain on premises and keep their radios/cell phones on and respond to calls during meal periods.  Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided."  Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium for missed meal periods.

40.    Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order.  Plaintiff further alleges that Plaintiff and those employees similarly situated are owed wages for the meal period violations set forth above.

41.    Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

42.    Such a pattern, practice and uniform administration of corporate policy as

**CLASS ACTION COMPLAINT**

described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

## FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2802

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

43.      Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

44.      This cause of action is brought pursuant to Labor Code § 2802, which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.  Defendant violated this provision by failing to reimburse Plaintiff and Class Members for using their personal cell phones for work.  Specifically, Plaintiff and Class Members were required to download various work-related apps for payroll, social media and communication purposes onto their personal cell phones. However, Plaintiff and Class Members were not reimbursed for any costs that they incurred for using their personal cell phones.

45.      Defendant had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

46.      Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 2802.

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*

### (BY PLAINTIFF, THE CLASS, MEAL PERIOD CLASS, AND REST PERIOD CLASS AGAINST ALL DEFENDANTS)

47.      Plaintiff re-alleges and incorporates by reference the preceding paragraphs as

**CLASS ACTION COMPLAINT**

though fully set for herein.

48.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to pay employees minimum, regular and overtime wages for off-the-clock work in violation of Labor Code §§ 510, 1194 and 1197; (b) failing to provide off-duty meal an rest periods in violation of Labor Code §§ 226.7 and 512; and (c) failing to reimburse business expenses and/or withhold wages for said expenses in violation of Labor Code § 2802.

49.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

50.     Plaintiff seeks, on behalf of himself and other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

51.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered in Plaintiff's favor and against Defendants, and each of them, as follows:

1.      Upon the First Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, 1194, and 1197, and for costs and attorneys' fees;

2.      Upon the Second Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, 510, and 1194, and for costs and attorneys' fees;

3.      Upon the Third Cause of Action, for damages and/or penalties pursuant to Labor

**CLASS ACTION COMPLAINT**

Code §§ 201-203 and 226.7, and for costs;

4.      Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, 226.7, and 512, and for costs;

5.      Upon the Fifth Cause of Action, for damages pursuant to Labor Code § 2802, and for costs and attorneys' fees;

6.      Upon the Sixth Cause of Action, for restitution pursuant to Business & Professions Code § 17203, and for costs; and

7.      Such other and further relief as the Court may deem proper.


Dated:  February 11, 2025               LAW OFFICES OF CHOI & ASSOCIATES, APLC
                                        DIVERSITY LAW GROUP, APC


                                        By:_____
                                            Edward W. Choi
                                            Larry W. Lee
                                            Attorneys for Plaintiff and the Class

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Larry W. Lee (State Bar No. 228175) / DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250, Los Angeles, CA 90071

TELEPHONE NO.: (213) 488-6555    FAX NO. :
EMAIL ADDRESS: lwlee@diversitylaw.com
ATTORNEY FOR *(Name):* Plaintiff Marcus Nunes

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/11/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister St., Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Marcus Nunes v. Michael Kors Stores (California), Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-25-622287** |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [x] Substantial amount of documentary evidence
  d. [x] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 11, 2025

Larry W. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **JUL 16, 2025**

**TIME:**     **10:30 am**

**PLACE:**    **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference.  However, it would facilitate
> the issuance of a case management order   **without an appearance**   at the case
> management conference if the case management statement is filed and served twenty-five
> days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.   **This case is
eligible for electronic filing and service per Local Rule 2.11.  For more information,
please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place
of filing a written response to the complaint. You must file a written response with the
court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN
> MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR
> OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
>  (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package
on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed
at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request
a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel
and provide clients with a copy of the ADR Information Package prior to filing the Case
Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties  file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private  arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐    **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

     Judge Requested (see list of Judges currently participating in the program): _____

     Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

     ☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐    **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ <i>Additional signature(s) attached</i>

ADR-2  10/18        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-488-6555    FAX NO. *(Optional):* 213-488-6554<br>E-MAIL ADDRESS *(Optional):* lwlee@diversitylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Marcus Nunes | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St., Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Marcus Nunes

DEFENDANT/RESPONDENT: Michael Kors Stores (California), Inc., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-25-622287 |
|---|---|

TO *(insert name of party being served):* Michael Kors Stores (California), Inc., a corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 20, 2025

Erika Mejia
_____            ►   _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

    Civil Case Cover Sheet, Notice to Plaintiff, Alternative Dispute Resolution Information Package


*(To be completed by recipient):*

Date this form is signed: 03/12/2025

Michael A. Sigall
_____            ►   _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-488-6555    FAX NO. *(Optional)*: 213-488-6554<br>E-MAIL ADDRESS *(Optional)*: lwlee@diversitylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Marcus Nunes | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St., Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Marcus Nunes

DEFENDANT/RESPONDENT: Michael Kors Stores (California), Inc., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-25-622287 |
|---|---|

TO *(insert name of party being served):* Michael Kors Stores (California), LLC, a limited liability company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 20, 2025

Erika Mejia
_____          ► _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
    Civil Case Cover Sheet, Notice to Plaintiff, Alternative Dispute Resolution Information Package

*(To be completed by recipient):*

Date this form is signed: 03/12/2025

MICHAEL A. SIGALL
_____          ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT C

1  SEYFARTH SHAW LLP
   Christopher A. Crosman (SBN 190336)
2  ccrosman@seyfarth.com
   Elizabeth M. Levy (SBN 268926)
3  elevy@seyfarth.com
   Michael A. Sigall (SBN 305849)
4  msigall@seyfarth.com
   2029 Century Park East, Suite 3500
5  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
6  Facsimile:   (310) 201-5219

7  Attorneys for Defendants
   MICHAEL KORS STORES (CALIFORNIA), INC. and
8  MICHAEL KORS STORES (CALIFORNIA), LLC

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13  MARCUS NUNES, individually and on behalf of      Case No. CGC-25-622287
    all others similarly situated,
14                                                    **DEFENDANTS' ANSWER TO**
15                  Plaintiffs,                       **PLAINTIFF'S CLASS ACTION**
                                                      **COMPLAINT**
16          v.
                                                      Complaint  Filed:  February 11, 2025
17  MICHAEL KORS STORES (CALIFORNIA),
    INC., a corporation; MICHAEL KORS STORES
18  (CALIFORNIA), LLC, a limited liability
    company; and DOES 1 through 100, inclusive,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

1   Defendants Michael Kors Stores (California), Inc.[1] and Michael Kors Stores (California), LLC

2   (collectively, "Defendants") hereby answer the unverified class action Complaint ("Complaint") filed on

3   behalf of Plaintiff Marcus Nunes ("Plaintiff"), individually, and purportedly on behalf of himself, as

4   follows:

## GENERAL DENIAL

5   Pursuant to California Code of Civil Procedure Sections 430.10(d)-(e) and 431.30(d), Defendants

6   deny, generally and specifically, each and every allegation, and each purported cause of action contained

7   in Plaintiff's Complaint.  Defendants further deny, generally and specifically, that Plaintiff has been

8   damaged in any amount, or at all, by reason of any alleged act or omission of Defendants.  Defendants

9   further deny, generally and specifically, that Plaintiff has suffered any loss of wages, overtime,

10  penalties, compensation, benefits or restitution, or any other legal or equitable relief within the

11  jurisdiction of this Court.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

12  In further answer to the Complaint, and as separate and distinct affirmative or additional

13  defenses, Defendants allege as follows, without thereby assuming the burden of proof on any defense on

14  which it would not otherwise have the burden of proof by operation of law:

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

15  1.      By virtue of the fact that Plaintiff entered into an agreement to individually arbitrate that

16  encompasses all claims alleged in the Complaint, his claims are barred by and/or this Court has no

17  jurisdiction by reason of his contractual agreement to arbitrate all of his individual claims.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitations)

18  2.      The claims of Plaintiff and any persons whom Plaintiff purports to represent by this

19  action are barred, in whole or in part, by the applicable statutes of limitations, including, without

20  limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and

---

[1] Michael Kors Stores (California), Inc. became Michael Kors Stores (California), LLC through a certificate of conversion filed with the state of Delaware on March 18, 2021.

343, California Business & Professions Code § 17208, and/or California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 2802.

### THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Failure To State A Cause Of Action)

3.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

### FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Improper Defendant)

4.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent it asserts claims against an erroneous defendant. Michael Kors Stores (California), Inc. became Michael Kors Stores (California), LLC through a certificate of conversion filed with the state of Delaware on March 18, 2021.

### FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Estoppel)

5.    Defendants are informed and believe and thereon allege that Plaintiff and those persons he purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendants.

### SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Unclean Hands)

6.    Defendants are informed and believe and thereon allege that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

### SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Laches)

7.    Defendants are informed and believe and thereon allege that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of laches.

316679293v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Set Off)

8.      To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver)

9.      Defendants are informed and believe and thereon allege that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

10.     Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel to the extent that Plaintiff and/or those persons he purports to represent have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

11.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff and/or any persons he purports to represent who has given a release in exchange for adequate consideration.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

12.     The Complaint, and each cause of action, is barred by the doctrine of accord and satisfaction, on the basis Plaintiff or others were properly and fully compensated for all work performed and acceptance of such payments constituted an accord and satisfaction of all debts, if any, owed by Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

316679293v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prompt Remedial Action)

13.    Defendants took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendants had to Plaintiff, if any at all.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Standing)

14.    Plaintiff's claims are barred to the extent that he lacks standing to pursue the claims for relief in the Complaint on behalf of some or all of those persons he purports to represent.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutory Penalties Unconstitutional)

15.    Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to due process and equal protection under the United States and California Constitutions.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Excessive Fines)

16.    Plaintiff's claims for statutory penalties are barred because they constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Due Process)

17.    Plaintiff's claims are barred because prosecution of this action by Plaintiff and the putative class members as a class action would constitute a denial of Defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

18.    Plaintiff's claims fail to the extent that even if Plaintiff or any purportedly similarly

5

316679293v.1

situated current or former employee were not paid for any work performed while employed by Defendants, which Defendants deny, such work is *de minimis*, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

### NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Violation of Labor Code)

19.    Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

### TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

20.    Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendants did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage order.

### TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Action Unconstitutional)

21.    Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing Under Business and Professions Code Section 17200)

22.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to represent, lacks the requisite standing to sue under California Business and Professions Code Section 17204.  Any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL") must show that they suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to

6

the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

23.    Defendants allege, based on information and belief, that Plaintiff and those persons he purports to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and those persons he purports to represent are barred in whole or in part from recovery of damages from Defendants.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods)

24.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or those persons he purports to represent. Defendants also did not have actual or constructive knowledge that Plaintiff or those persons he purports to represent were denied any meal or rest periods. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver Of Meal Periods)

25.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff or those persons he purports to represent signed legally valid written waivers of any meal periods or otherwise voluntarily waived meal periods.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Premium Wages Paid For Alleged Failure To Take Meal Periods Or Rest Period)

26.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred as to Plaintiff and the purported class members who were paid a "premium" of an additional hour of regular

7

1  pay for each day, if any, when not provided a meal period or authorized or permitted to take a rest

2  period. The payment of such "premiums" negate any additional liability for alleged meal or rest period

3  violations.

4  ### TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

5  ### (Waiver Of Meal Periods)

6      27.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

7  that Plaintiff or those persons he purports to represent signed legally valid written waivers of any meal

8  periods or otherwise voluntarily waived meal periods.

9  ### TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

10  ### (Failure To Show Entitlement To Waiting Time Penalties)

11     28.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent

12  that Plaintiff or those persons he purports to represent have failed to show that Defendants willfully,

13  knowingly, or intentionally did not pay all accrued wages, overtime wages, or premium wages within

14  the time required following any discharge or voluntary resignation of employment.  Plaintiff, and those

15  persons he purports to represent, therefore cannot pursue claims for "waiting time" penalties under

16  California Labor Code Section 203.

17  ### TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18  ### (Duplicate Damages)

19     29.     To the extent Plaintiff or those persons he purports to represent have received other

20  benefits and/or awards attributable to an injury for which they seek compensation in this case, such

21  benefits and/or awards should offset, in whole or in part, any award they receive here for the same

22  injury.

23  ### THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

24  ### (Failure to Take Provided Meal and/or Rest Periods)

25     30.     Plaintiff's claims for failure to provide meal and rest periods are barred to the extent

26  Plaintiff or the individuals he seeks to represent were provided all required meal and rest periods and

27  voluntarily chose not to take the breaks.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

316679293v.1

1

2

### THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

**(Unreasonable and Unnecessary Expenses)**

3      31.     Defendants have satisfied any expense reimbursement obligation under California Labor

4   Code Section 2802.  Plaintiff and the individuals he seeks to represent failed to request reimbursement

5   for reasonable and necessary business expenses under Labor Code Section 2802.

6              ### THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

7                            **(Labor Code Section 2856)**

8      32.     Plaintiff's Complaint fails to state a claim for which relief may be granted because

9   Plaintiff and the "aggrieved employees" were required to substantially comply with all the directions of

10  Defendants concerning the service in which Plaintiff and the "aggrieved employees" were engaged,

11  particularly with respect to Defendants' procedures for the reimbursement of reasonable and necessary

12  business expenses, and such obedience was neither impossible nor unlawful, and did not impose new

13  and unreasonable burdens upon Plaintiff and the "aggrieved employees," but Plaintiff and the

14  "aggrieved employees" did not substantially comply, in violation of Labor Code section 2856.

15                            ### RESERVATION OF RIGHTS

16             Defendants presently have insufficient knowledge or information upon which to form a belief

17  whether there may be additional, as yet unstated, defenses.  Defendants reserve the right to assert

18  additional defenses in the event that discovery or investigation indicates that such defenses would be

19  appropriate.

20             To the extent that Defendants have not expressly admitted an allegation of the Complaint or

21  denied an allegation of the Complaint based on a lack of knowledge and information, Defendants deny

22  all further and remaining allegations of the Complaint, and no response contained herein is intended to

23  constitute a waiver of such denial.

24                               ### PRAYER FOR RELIEF

25             Wherefore, Defendants prays for judgment as follows:

26      1.     That Plaintiff takes nothing by this Complaint;

27      2.     That judgment be entered in favor of Defendants and against Plaintiff on all causes of

28  action;

9

316679293v.1

1    3.    That Defendants be awarded reasonable attorneys' fees according to proof;

2    4.    That Defendants be awarded the costs of suit incurred herein; and

3    5.    That Defendants be awarded such other and further relief as the Court may deem

4    appropriate.

5    DATED: April 10, 2025                    Respectfully submitted,

6                                            SEYFARTH SHAW LLP

7

8                                    By:    _____
                                            Christopher A. Crosman
9                                            Elizabeth M. Levy
                                            Michael A. Sigall
10                                           Attorneys for Defendants
                                            MICHAEL KORS STORES (CALIFORNIA),
11                                           INC. and MICHAEL KORS STORES
                                            (CALIFORNIA), LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

316679293v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA             )
                                       )  SS

COUNTY OF LOS ANGELES      )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On April 10, 2025, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| Attorneys for Plaintiff | |
|---|---|
| Larry W. Lee<br>Diversity Law Group, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA  90071<br><br>Email:  lwlee@diversitylaw.com<br>Paralegal:  olympia@diversitylaw.com<br>Erika Mejia - erika@diversitylaw.com<br>Valeria Tril- calendar@diversitylaw.com<br><br>T: (213) 488-6555   F: (213) 488-6554 | Edward W. Choi<br>Jackie Park<br>Law Offices of Choi & Associates<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA  90071<br>Email   edward.choi@choiandassociates.com<br>jackie@choiandassociates.com<br><br>T: (213) 381-1515  F: (213) 465-4885 |
| Dennis S. Hyun<br>Hyun Legal, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA  90071<br>Email:  dhyun@hyunlegal.com<br>T: (213) 488-6555   F: (213) 488-6554 | |

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true

305704715v.1

1  and correct.

2      Executed on April 10, 2025, at Los Angeles, California.

3  _____
                Lora Calma

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

305704715v.1

# File&Serve xpress

Pay My Invoice | Preferences | Sign Out

Meza, Hector | Nationwide Legal File & Serve Inc

HOME | FILING & SERVICE | SEARCH

Start A Transaction    Saved Transactions    Scheduled Transactions

4/10/25 10:24 AM PDT

## ✓ You have successfully submitted your transaction!

[ Begin a New Transaction ]    [ Return to My File & ServeXpress ]    [ Transaction Report ]

[ 🖨 Print ]

*TIP:* Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

| | |
|---|---|
| File & ServeXpress Transaction ID: | 76043340 |
| Submitted by: | Hector Meza, Nationwide Legal File & Serve Inc |
| Authorized by: | Michael A. Sigall, SEYFARTH SHAW LLP |
| Authorize and file on: | Apr 10 2025 10:25AM PDT  |
| Time received by San Francisco County: | Pending ⓘ |

| | |
|---|---|
| Court: | CA Superior Court County of San Francisco-Civil |
| Division/Courtroom: | N/A |
| Case Class: | Civil-General Civil-Unlimited - $35,001+ |
| Case Type: | Other Non-Exempt Complaints (Civil 3) |
| Case Number: | CGC-25-622287 |
| Case Name: | Marcus Nunes v. Michael Kors Stores, Inc., et al. |

| | |
|---|---|
| Transaction Option: | File Only |
| Billing Reference: | LA635090 |
| Read Status for e-service: | N/A |

### Documents List

**1 Document(s)**

| Attached Document, 12 Pages    Document ID: 98206261 | | PDF Format | Original Format |
|---|---|---|---|
| **Document Type:**<br>Answer (w/ Complex Litigation Fee) | **Access:**<br>Public | **Statutory Fee:**<br>$1,435.00 | **Linked:** |
| **Document title:**<br>DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT | | | |

Close All

⊟ Sending Parties (2)

| Party ▲ | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Michael Kors Stores (California), Inc. | Defendant | No Answer on File | Firm TBD | Attorney in Charge |
| Michael Kors Stores (California), LLC | Defendant | No Answer on File | Firm TBD | Attorney in Charge |

⊟ Recipients (0)